PER CURIAM.
Salvador E. Pareja (“Pareja”) petitions this court for writ of certiorari asserting that the trial court departed from the essential requirements of law when it ordered him to undergo a blood test to determine whether he is Michelle Carmona’s (“minor”) biological father. We grant certiorari and quash the order entered below.
The Florida Department of Revenue (“Department”) pursued this action against Pare-ja on behalf of a woman who alleged that Pareja was her daughter’s biological father. The trial court subsequently determined that, because the woman was married to Oscar Carmona (“legal father”) under the laws of Venezuela at the time the daughter was born, the case was “governed by the holding of Department of Health and Rehabilitative Services v. Privette, 617 So.2d 305 (Fla.1993).” In accordance with Privette’s dictates, the trial court appointed a guardian ad litem to represent the minor’s interests and ordered the Department to notify the legal father of all future hearings.
The appointed guardian subsequently concluded that the blood test was not in the minor’s best interests and recommended that the action be dismissed. The trial court, however, found otherwise. Without ever notifying the legal father of the initiation of the proceedings, and without stating its reasons for disregarding the guardian’s recommendation, the trial court ordered Pareja to submit to the blood test.
In doing so, the trial court simply stated: “The Court finds that blood testing is in the best interest of the minor child. The parties, and the minor child shall submit to blood testing within 20 days of the entry of this order.” We hold, however, that the trial court’s “best interests” finding could not be made without providing the legal father with an opportunity to be heard.
The Supreme Court has firmly established that, in actions such as this, the legal father must be notified and given an .opportunity to be heard. See HRS v. Privette, 617 So.2d at 308, n. 4. This rule exists to protect the legal father’s interests, see HRS v. Privette, 617 So.2d at 307, and to provide trial courts with relevant information regarding the child’s best interests. See HRS v. Privette, 617 So.2d at 308.
Here, the trial court ignored Oscar Car-mona’s rights and made a determination regarding Michelle Carmona’s best interests without receiving essential information. It thereby substantially departed from the essential requirements of established law. See HRS v. Privette, 617 So.2d at 307-08. Accordingly, we grant the petition for certiorari and quash the order entered below.
Certiorari granted; order quashed.